WILLIAM ADAIR, Plaintiff in Error, *v.* FERDINAND MAXWELL, Defendant in Error.

ERROR TO RANDOLPH.

A. B., a land officer, employed C. D. as his clerk, who was to receive for his services one half of the salary and compensation allowed to A. B.; this compensation was increased retrospectively: *Held*, that C. D. was entitled to one-half of the increased compensation.

THIS cause was submitted to BREESE, Judge, without the intervention of a jury, at October term, 1855, of the Randolph Circuit Court, who found for the defendant in error, and gave a judgment in his favor for $475.27 and costs. Whereupon the plaintiff in error brought the record to this court.

The facts of the case will be found in the opinion of the court.

W. H. UNDERWOOD, for Plaintiff in Error.

G. KOERNER, for Defendant in Error.

CATON, J. Adair was register of the land office at Kaskaskia, and in November, 1854, employed Maxwell as clerk in said office. Adair was to pay Maxwell one-half the salary and one-half the compensation allowed the receiver. The services sued for were for the quarter next before the passage of the act of March 3rd, 1855. That act increased the compensation of the receiver retrospectively, covering the time during which the services sued for were rendered, and the only question is whether Maxwell is entitled to one-half of such increased compensation. I hardly know how to argue this question. If this additional pay, which was given to the receiver, was designed as an additional compensation for the services rendered in his office, which is clearly the intention of the law, then the agreement is that Maxwell should have one-half of such additional compensation. Clearly one-half of the compensation provided for, meant one-half of all the compensation allowed by law, or which the party should receive according to the law. Had the salary of the register been reduced after the bargain was made, Maxwell would have been bound to serve the time agreed upon, taking half of the reduced salary. By the contract the clerk took his chances of compensation the same as the receiver did. I can only say such was the agreement, and the parties were bound by it.

The judgment must be affirmed.

*Judgment affirmed.*